246

UNITED STATES, Appellee,

v.

Darryl E. ANDERSON, Private, U. S. Army, Appellant.

No. 30,550.

U. S. Court of Military Appeals.

Jan. 2, 1976.

Captain Robert H. Herring, Jr., argued the cause for Appellant, Accused. With him on the brief were Colonel Alton H. Harvey, Lieutenant Colonel James Kucera, and Captain Albert T. Berry.

Captain William A. McNutt argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel Donald W. Hansen, Captain Allan A. Toomey, and Major Steven M. Werner.

OPINION OF THE COURT

PER CURIAM:

In his capacity as officer of the day at Kenner Army Hospital, Fort Lee, Virginia, First Lieutenant Clause was summoned to the hospital's mess facility where the accused and several of his companions were placing meal orders without authority. After identifying himself, Lieutenant Clause advised the soldiers "that they could go ahead and eat there this time, but no more." The accused's retort prompted the lieutenant to demand the individuals' identification cards "to find out which unit they were from so [he] could call their company commander the next morning and report it to him and let him take care of it." After his fifth order to produce their identification cards was ignored, Lieutenant Clause directed a subordinate to call the military police. He ordered the soldiers "to stay until the MP's come." After showing the lieutenant aside, the accused was apprehended by the military police as he left the hospital.

Relying primarily upon *United States v. Nixon,* 21 U.S.C.M.A. 480, 45 C.M.R. 254 (1972), the appellant contends that his subsequent conviction for disobedience of the lieutenant's order to remain in the hospital until the military police arrived was erroneous since the lieutenant's order was the "initial step in apprehension." Under *Nixon,* the appellant argues that his opposition to the order was punishable only as a resisting apprehension offense and not as a violation of an independent command.

The Government views the evidence differently and suggests that the lieutenant's purpose in summoning the military police was merely to discover the identity of the soldiers rather than to have them apprehended. The Government correctly observes that had Lieutenant Clause wished to apprehend the individuals, he, himself, had such authority without resort to the

military police. *See* Article 7(c), Uniform Code of Military Justice, 10 U.S.C. § 807(c).

The factual setting in this case differs from that in *Nixon* where we noted that "the only purpose of the order was to effect custody of the accused." 21 U.S.C.M.A. at 484, 45 C.M.R. at 258. Here the evidence of record is in dispute as to whether the lieutenant's order was prompted by his desire to discover the individuals' identities or to effect their apprehension. *See United States v. Wiley,* 48 C.M.R. 570 (A.C.M.R. 1974), petition denied, 48 C.M.R. 1000 (1974).

This factual question also was presented to the Court of Military Review. The court's affirmance of the appellant's conviction implicitly suggests that, in the exercise of its factfinding powers, the court resolved the matter against the appellant. Because the record amply supports the court's resolution of the question against the appellant, we cannot say that, as a matter of law, the Court of Military Review's determination was erroneous. *See generally United States v. Maze,* 21 U.S.C.M.A. 260, 45 C.M.R. 34 (1972); *United States v. McCrary,* 1 U.S.C.M.A. 1, 1 C.M.R. 1 (1951).

The decision of the United States Army Court of Military Review is affirmed.